Abraham **PATTERSON**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

Civ. No. 19892.

United States District Court
E. D. New York.
May 24, 1961.

846

Bennett Oppenheimer, Far Rockaway, N. Y., for plaintiff.

Joseph P. Hoey, U. S. Atty., for defendant, Ann Miele, Asst. U. S. Atty., of counsel.

ZAVATT, District Judge.

This is an action brought under the Tort Claims Act, 28 U.S.C. § 1346 to recover damages for personal injury allegedly sustained by the plaintiff on April 3, 1959 when a 1950 one-half ton Chevrolet panel truck (Registration No. 225070 N.Y. 1959) owned by Edwin Young, doing business as Meelei Laundry and being operated by the plaintiff in the course of his employment and with the consent of his employer collided with a 1953 Packard ambulance (Navy No. 94–17600) owned by the defendant and being operated by an employee of the defendant, Bernard Gahet. The collision occurred within the Eastern District of New York at the intersection of Atlantic Avenue (Atlantic) and Lefferts Boulevard (Lefferts), an intersection controlled by traffic lights, at approximately 9:15 A.M. to 9:25 A.M.

Atlantic Avenue is a wide, main highway with a center mall and extends eastwardly and westwardly. The lane for traffic proceeding eastwardly measures forty feet from the south curb to the south side of the center mall. The lane for traffic proceeding westwardly measures forty feet from the north curb to the north side of the center mall. Lefferts Boulevard extends northwardly and southwardly and measures forty feet from curb to curb. Traffic lights were located at the northwest, the southeast and the southwest corners of Atlantic and Lefferts and also at each end of the center mall. April 3, 1959 was a clear, dry day.

The plaintiff drove the truck northwardly along Lefferts en route to make a delivery of laundry to a Chinese laundry at 85–53 Hillside Avenue. The defendant's ambulance was being driven by its authorized employee eastwardly along Atlantic en route to the United States Naval Hospital at St. Albans, Queens County, N. Y. for the purpose of delivering to that hospital one Frank Short, a United States Marine in the military service stationed at the New York Naval Shipyard (Yard), Brooklyn, N. Y. On the morning of April 3, 1959 the Dispensary at the Yard received a telephone call to send an ambulance to the Marine barracks to pick up a marine. An ambulance was so sent and brought the marine, Frank Short, to the Dispensary where he was examined by Dr. Carl N. Lewis at approximately 8:30 A. M. Short was semi-conscious, in convulsion, frothing at the mouth, suffering from alcoholic paranoia and in need of hospital treatment. His condition was such that he could have died if he did not receive hospital treatment within a short period of time. Following the examination, Short was put into the ambulance to be taken on an emergency run to the St. Albans Hospital. En route Short was attended by William Johnson, a hospital corpsman. The flashing red light on the roof of the ambulance was on from the time the ambulance left the Yard to and including the moment of impact between the ambulance and the truck and also after the collision. The siren switch was likewise on and the driver of the ambulance sounded the siren continuously by pressing the siren button at five second intervals from the time the ambulance left the Yard to the

intersection of Atlantic and Lefferts. The siren was sounding immediately prior to and at the moment of impact. The ambulance was an authorized emergency vehicle, New York Vehicle and Traffic Law, § 101, responding to an emergency call, New York Vehicle and Traffic Law, § 1104.

As the ambulance proceeded along the west-bound portion of Atlantic approaching the intersection of Atlantic and Lefferts it was in the second lane from the south side of the mall and was being driven at a speed of between twenty-five to thirty miles per hour. The traffic lights at the intersection were green for Atlantic traffic. The ambulance siren was sounding and its red light was flashing. As the ambulance was just about to enter the intersection, the truck was proceeding northwardly along the right side of Lefferts at a speed of thirty to thirty-five miles per hour and the driver saw the truck at a point approximately seventy-five feet south of Atlantic. The ambulance entered the intersection while the traffic light was green for Atlantic traffic and, when it was approximately three-quarters of the way across the intersection, the front of the truck struck the right side of the ambulance at the right door and the panel to the rear thereof. Photographs of both vehicles indicate that the truck struck the ambulance with considerable force. The driver of the truck proceeded into the intersection when the traffic lights were red for Lefferts' traffic.

The court has jurisdiction of the parties and the subject matter of this action. Whatever personal injuries were sustained by the plaintiff as a result of the collision were due to his own negligence and without any negligence on the part of the defendant contributing thereto. The defendant is entitled to judgment against the plaintiff.

This memorandum constitutes the court's findings of fact and conclusions of law. Settle an order consistent herewith on or before ten days from the date hereof.